### IN THE UNITED STATES DISTRICT COURT
### FOR DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COLORADO WILD PUBLIC LANDS,<br>23272 Two Rivers Road V<br>Basalt, CO 81621<br><br>      Plaintiff,<br>v.<br><br>U.S. FOREST SERVICE<br>201 14th St, SW<br>Washington, D.C. 20024<br><br><br>      Defendant. | CIV # 21-2802<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

### INTRODUCTION

1. Defendant the United States Forest Service ("USFS" or "Agency") has violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") by unlawfully failing to timely issue determinations in response to a written request for records by Plaintiff, Colorado Wild Public Lands pertaining to the Valle Seco Land Exchange, by failing to issue estimated dates of completion for the requests, by failing to conduct an adequate search for responsive records, and by unlawfully withholding responsive records. This lawsuit requests an order declaring that Defendant has violated FOIA and enjoining Defendant to issue a final determination and provide Plaintiff with the records it has requested. *See* Ex. 1 ("FOIA Request); Ex. 2 ("First Appeal"); Ex. 3 ("Second Appeal").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

5. Venue is also appropriate under 28 U.S.C. § 1391 because Defendants are agencies of the United States with its National Offices located in Washington, D.C. and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

6. This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).  The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations and agency policies that violate FOIA.

7. This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8. In addition to jurisdiction to compel agency FOIA compliance and to compel release of agency records withheld due to FOIA violations, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct involving potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

9. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

10. All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

## PARTIES

11. Plaintiff COLORADO WILD PUBLIC LANDS, founded in 2014, is a non-profit organization headquartered in Basalt, Colorado with members distributed throughout the state of Colorado. Plaintiff's organizational mission is to protect the integrity of Colorado's public lands by advocating for transparency and public engagement in federal land exchanges. Plaintiff monitors land exchanges to ensure compliance with applicable laws and regulations and to ensure that the public interest is represented throughout the process. Information provided by appraisals of the subject properties are an important element of Plaintiff's review of proposed land exchanges.

12. Plaintiff regularly submits public records requests to obtain information about federal land exchanges including to ascertain benefits and detriments to public user groups, potential disparities in appraised real estate values used to evaluate exchanges, cumulative impacts on ecological communities, and conservation objectives of proposals. Plaintiff uses this information to educate the public regarding impacts on communities and ecosystems. This information is critical to meaningfully review and comment on proposals throughout the NEPA process.

13. Plaintiff and its members derive benefits from agencies' compliance with FOIA and from its receipt of public records.

14. Relevant to this case, the Valle Seco Land Exchange would exchange nine parcels of federal land in the San Juan National Forest for one non-federal parcel of land in the vicinity

of Pagosa Springs, Colorado. The proposed exchange involves the forfeiture of 175 acres in two Colorado Roadless Areas to private interests.

15. Plaintiff has been closely monitoring the Valle Seco Land Exchange since 2019, when the Forest Service issued its first scoping letter. The South San Juan Wilderness is among Colorado's wildest areas, and areas within this contemplated land exchange have been proposed for wilderness designation by conservation advocates for over 20 years. Prior to the proposed exchange, the San Juan National Forest deemed wilderness designation of the proposed land exchange area unnecessary because it was protected under the Colorado Roadless Rule.

16. On September 10, 2021, Plaintiff submitted a written request, via email, seeking access to agency records related to the Valle Seco Land Exchange. The written request was denied without providing any formal determination or advising Plaintiff of appeal rights.

17. On September 15, 2000, Plaintiff submitted a second written request that specifically identified Plaintiff's FOIA rights and sought access to agency records related to the Valle Seco Land Exchange. Ex. 1. ("FOIA Request"). The FOIA Request provided additional information regarding the scope of requested records, including appraisals and related documents, to ensure the public had all information necessary to meaningfully engage in the NEPA process.

18. Plaintiff has a particular interest in the "appraisals and related documents" for the Valle Seco Land Exchange because such records provide information regarding parcel configuration and are central to the Public Interest Determination. The agency must be able to demonstrate equal value in the lands being exchanged. Without such documents, Plaintiff and the public cannot meaningfully comment on the assessment of equal value, and consequently, the public interest.

19.     Plaintiff has requested, and has definite plans to continue to request, property value information created or obtained by federal agencies when scrutinizing federal land exchanges.  Plaintiff has been denied prompt access, based on agency policies that direct personnel to withhold information regarding property values until after the NEPA process is complete, after administrative review is complete, and after final agency action is taken on a land exchange.  All valuation information was created with the intention of sharing the agency records with non-federal persons early in the land exchange and NEPA processes.  The federal agencies and personnel charged with overseeing land exchanges (Bureau of Land Management and U.S. Forest Service) have an unlawful policy of only sharing the valuation information with persons advocating for the land exchange, and denying access to Plaintiff and similarly situated persons.  Plaintiff has been denied access to appraisals for federal land exchanges on multiple occasions.

20.     Plaintiff submitted two FOIA Appeals contesting withholdings of documents.  As of the date of this filing, the Forest Service has not made a determination on the Second Appeal and continues to withhold responsive records under FOIA Exemptions 5 and 6.

21.     On September 24, 2021, the San Juan National Forest issued its Final Environmental Assessment, the Draft Decision Notice, and the Finding of No Significant Impact for the Valle Seco Land Exchange.  The Draft Decision Notice referenced information from the appraisals. Public comment on the Final Environmental Assessment and Draft Decision Notice is due on November 8, 2021.  There is no post-decisional appeal period for land exchanges.

22.     Defendant U.S. FOREST SERVICE ("USFS") is a federal agency within the United States Department of Agriculture. Defendant is in possession and control of the records

that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA requests to it.

23. The interests and organizational purposes of Plaintiff are directly and irreparably injured by Defendant's violations of law as described in this complaint.

24. Defendant's violations of law have denied Plaintiff the information to which it is entitled, thereby preventing Plaintiff from fulfilling its organizational mission and objectives, including from ensuring compliance with applicable statutes and regulations throughout the land exchange process, as well as meaningfully engaging its members, supporters, and the general public regarding the Valle Seco Land Exchange.

25. Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.

## STATUTORY FRAMEWORK

26. FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

27. Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

28. Failure to provide a timely determination in response to a FOIA request is a violation of FOIA.

29. FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

30. FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications identified during the search that suggest other records might be located outside the scope of its original search. Federal courts measure FOIA compliance by the information known at the completion of the agency search(es).

31. In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, so long as the information fits within nine categories of exemptions. 5 U.S.C. § 552(b). These exemptions are narrowly construed in light of FOIA's dominant objective of disclosure.

32. Under FOIA, federal agencies bear the burden of proving that withholding of information in responsive agency records is proper. 5 U.S.C. § 552(a)(4)(B).

33. In 2016, Congress responded to concerns that agencies overuse these exemptions by imposing an additional, independent, and meaningful burden that now requires an agency showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

34. FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

35. When an agency fails to respond to a FOIA request within the statutory timeframe, it has constructively denied the request. Requestors are then deemed to have exhausted any administrative remedies and may seek judicial relief. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

36. If an agency determines that it will deny a FOIA request in whole or in part, the requester is entitled to administratively appeal the determination. 5 U.S.C. § 552(a)(6)(A)(ii).

37. The Forest Service does not have its own FOIA regulations, and is subject to the United States Department of Agriculture regulations requiring among other things, that administrative appeals to be filed within 90 calendar days. 7 C.F.R. § 1.9.

38. FOIA requires agencies to make a determination with respect to an appeal within 20 working days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). On appeal, if the agency upholds the denial of the request for records in whole or in part, the agency "shall notify the person making such request of the provisions for judicial review of that determination." *Id*. If the agency fails to make a determination on the appeal within 20 days, all administrative remedies are deemed constructively exhausted, and a requestor may seek *de novo* judicial review of the agency's FOIA compliance. 5 U.S.C. 552(a)(6)(C)(i).

39. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against Defendant if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

40. FOIA provides statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct and policies based on potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

41. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

42. In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with

some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

## STATEMENT OF FACTS

*Request 2020-FS-R2-06486-F – Valle Seco Land Exchange Documents*

43. On September 15, 2020, Plaintiff submitted its written FOIA Request to the San Juan National Forest seeking:

> (1) Appraisal instructions prepared pursuant to the Agreement to Initiate and modifications thereto; (2) Stratified Environmental and Archaeological Services, LLC (SEAS), 2020; A Cultural Resource Inventory of the Proposed Valle Seco Land Exchange on the San Juan National Forest, Pagosa Ranger District Lands in Archuleta and Hinsdale Counties, Colorado (SJNF report # 2020-04). (3) Weinmeister, B. 2020. Personal communications and emails with Terrestrial Wildlife Biologist Brad Weinmeister regarding population status and objectives for the San Juan Elk Herd E-31 and San Juan Mule Deer Herd D-30. Colorado Parks and Wildlife. Durango, CO. Wickersham, Lynn E. 2016; (4) Parcels 4 and 5, Skidmore on/off grazing permit/s; (5) Inventories of sensitive, threatened, or endangered plant species on the federal parcels and the private parcel or indication that the agency did not undertake them; (6) Appraisals and related documents; (7) Agreements between Bootjack Ranch (as owner of Parcel A) and the other post-exchange beneficiaries regarding their financial and transactional arrangements; (8) Oil and Gas Leases on non-federal Parcel A, if they are not to be conveyed to the USFS upon or before completion of the exchange; and (9) Conservation easement on Parcel 1 or any other parcels.

Ex. 1 at 1. The FOIA Request notified Defendant of Plaintiff's view that there is no basis for a federal agency to withhold appraisals created or obtained for the purpose of a land exchange proposal. *Id*. at 1-2.

44. On September 23, 2020, Defendant confirmed receipt of the FOIA Request and assigned a tracking number of 2020-FS-R2-06486-F.

45. On October 7, 2020, Defendant provided a first interim response to Plaintiff consisting of 43 pages of responsive records released in full related to Mule Deer population data and management and the appraisal statement of work.

9

46. On October 27, 2020, Defendant sent a letter to Plaintiff stating that it had reviewed 250 pages of responsive records and was releasing certain records and withholding others under FOIA Exemption 3, 5, and 6. The October 27th letter did not state whether the FOIA exemptions applied to the "appraisals and related documents," and whether such records were being withheld.

47. On February 10, 2021, Plaintiff inquired with Rebecca Smith of the San Juan National Forest regarding the status of the appraisals for the Valle Seco Land Exchange. Ms. Smith responded that the San Juan National Forest did not have the appraisal and "will not receive it." She informed Plaintiff that "[t]he Forest only receives the Technical Appraisal Review Report [TARP]." Plaintiff then asked if Ms. Smith had sent the TARP and she responded that she had not.

48. On October 26, 2020, a copy of the TARPs were sent to Rebecca A. Smith, Lands and Mineral Specialists.

49. On February 10, 2021, Forest Service personnel in Defendants' Denver Regional Office Valuation Services office possessed the appraisals for the Valle Seco Land Exchange.

50. Defendants have a policy that prohibits agency personnel in the Regional, Forest, and District offices from maintaining copies of the appraisal information in their files. The purpose of this policy is to avoid FOIA production.

51. On March 5, 2020, Plaintiff sent an email to Ms. Smith stating, "If you have received the technical appraisal review report, please would you send COWPL a copy? Could you let COWPL know where at the Forest Service the appraisals are kept? May we have a contact there so that COWPL can request the appraisals?"

*FOIA Request 2021-FS-R2-02802-F – Technical Appraisal Review Report*

52. On April 2, 2021, Plaintiff received a letter from the FOIA office for Region 2 of the Forest Service Stating that it considered Plaintiff's March 5th email inquiring about the TARP a new FOIA request, and assigned that request a tracking number of 2021-FS-R2-02802-F. Region 2 then provided a copy of the 58-page TARP that was entirely redacted, with the exception of a transmittal letter, under the deliberative process privilege of FOIA Exemption 5.

53. On April 2, 2021, upon receipt of the fully redacted TARP, Plaintiff requested an unredacted version of the TARP, "as well as the actual appraisal reports." Region 2 responded on April 15 by reiterating its decision to withhold the TARP based on Exemption 5 and stated that Plaintiff had appeal rights regarding the TARP.

54. The TARP states that it was prepared for the use by the Forest Service, Western Land Group, Inc., David K. Skidmore, Cynthia A. Sites, Bootjack Ranch, LLC, the David C. Lindner Trust, the David C. Lindner Dynasty Trust, and the Double Springs Partnership Ltds. On October 26, 2020, the unredacted TARPs were provided to an undetermined number of non-agency personnel by providing a copy to Western Land Group, Inc. (Adam Poe and Doug Young). Western Land Group regularly serves as a third-party, non-agency proponent of private landowners' interests in controversial land exchange proposals. *See Pagosans for Pub. Lands v. United States Forest Serv.*, 2007 U.S. Dist. LEXIS 96814, at *7 (D. Colo. Aug. 22, 2007); *United States v. Renzi*, 651 F.3d 1012, 1017 (9th Cir. 2011); *Rocky Mt. Wild v. Dallas*, 2017 U.S. Dist. LEXIS 231942, at *9 (D. Colo. Sep. 14, 2017).

55. The April 2, 2021, email contained no determination on Plaintiff's request for the actual appraisal report.[1]

***Request 2021-FS-R2-03896 – Appraisals***

56. Out of an abundance of caution, on May 14, 2021, Plaintiff submitted a FOIA request confirming it sought release of the appraisal, and not just the agency TARP that analyzes the appraisal and appraisal report prepared and submitted to the Forest Service by a third party as follows:

> [A] copy of the appraisal report(s), aka appraisals, for the Valle Seco Land Exchange (these are the appraisals themselves, not the "technical Appraisal Review Report," which has been separately requested). COWPL has already requested the appraisals multiple times and they are the subject of a FOIA appeal filed today (see attached), and providing them can be dealt with in the context of that appeal assuming that the Forest Service does not deny that they were properly requested in those pervious requests. However, to the extent that the Forest Service might otherwise claim that they were not properly requested previously, the request is now made to avoid any ambiguity.

57. On June 23, 2021, Defendant, through its Region 2 FOIA Officer, sent a letter to Plaintiff confirming receipt of the May 14th FOIA request, assigning a tracking number of 2021-FS-R2-03896, and stating that it had located 1028 pages of responsive records and was withholding such records under FOIA Exemptions 5 and 6.

***First Administrative Appeal – Appraisals and Related Documents and Redacted TARP***

58. On May 14, 2021, Plaintiff filed an administrative appeal of Defendant's withholding of responsive records for FOIA Requests 2020-FS-R2-06486-F and 2021-FS-R2-

---

[1] The terms "appraisal" and "appraisal report," documents prepared for agencies by private third parties for the use of the Forest Service and third-party proponents, are used interchangeably and mean the same thing. *See, e.g., CWPL v. Shoop*, 2021 WL 1138061 at *11 (D. Colo. 2021). The terms are not to be confused with the TARP, prepared by the Forest Service as part of the land exchange analysis.

12

2802-F, including its failure to disclose appraisals and related documents and its withholding of the TARP under FOIA Exemption 5 ("First Appeal").

59. On May 17, 2021, Defendant confirmed receipt of the appeal and assigned a tracking number of 2021-FS-WO-00100-A.

60. On May 17, 2021, Plaintiff received an email from Melissa Darr stating that the FOIA request was received, noting that a backlog of FOIA appeals existed, and providing a tracking number for the appeal of 2021-FS-WO-00100-A.

61. On June 16, 2021, Plaintiff inquired about the status of the pending appeal 2021-FS-WO-00100-A. Ms. Darr responded the same day stating that the appeal was "number 80 in [the] queue for processing," but that she was hoping to provide a determination within a few weeks."

62. On August 19, 2021, in response to an inquiry from Plaintiff as to the status of the administrative appeals. Ms. Darr stated that the response "just went to legal sufficiency review" and that a response would be provided once "they approved … proposed changes to the redactions."

63. On October 19, 2021, Defendant provided Plaintiff with a determination on the First Appeal. The final determination letter stated that Defendant was releasing portions of the previously withheld TARPs and that Defendant was continuing to withhold portions of the TARP under Exemptions 5 and 6. Withholdings in this version of the TARPs include, but are not limited to, scope of work, assumptions, site description, analysis and comments, conclusions, and the market value of the property. The released portions of the TARPs confirm that on October 26, 2020, both TARPs were shared with Western Land Group, Inc., and other non-agency third parties working for land exchange proponents, without restriction or redaction.

*Second Administrative Appeal – Withheld Appraisal Reports*

64. On June 24, 2021, Plaintiff filed a second administrative appeal ("Second Appeal") based on the Forest Service's response to FOIA Request 2021-FS-R2-03896-F in which it withheld the appraisal reports under FOIA Exemption 5.

65. Defendant's October 19th determination on Plaintiff's First Appeal stated that the tracking number for the Second Appeal was 2021-FS-WO-112-A and that this appeal was "being processed separately."

66. Plaintiff has not received a determination on the Second Appeal.

*Forest Service's Unlawful and Deficient Responses*

67. The Forest Service did not design nor conduct a reasonable search that would identify all agency records responsive to FOIA requests 2020-FS-R2-06486-F, 2021-FS-R2-02802-F and 2021-FS-R2-03896.

68. The Forest Service determination provided Plaintiff with no information regarding the search it conducted.

69. The Forest Service improperly and unlawfully withheld records responsive to FOIA requests 2020-FS-R2-06486-F, 2021-FS-R2-02802-F and 2021-FS-R2-03896.

70. A privilege log was not provided with the agency's withholding determinations. On information and belief based on agency practices, the Forest Service did not prepare or maintain a privilege log or *Vaughn* index when making its withholding determinations.

71. The statutory deadline for the Forest Service to respond to FOIA Appeal 2021-FS-WO-00100-A passed on June 14, 2021.

72. The statutory deadline for the Forest Service to respond to Plaintiff's second FOIA passed on July 23, 2021.

73. The Forest Service has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records Plaintiff requested.

74. All administrative remedies with respect to claims related to its FOIA requests have been exhausted by the Forest Service failure to timely resolve the FOIA appeals. 5 U.S.C. § 552(a)(6)(C)(i).

75. The Forest Service regularly delays its FOIA determinations as a means to improperly withhold prompt access to agency records that are not subject to an enumerated exemption.

76. The relief requested in this lawsuit is required to compel Defendant to promptly provide access to all records responsive to Plaintiff's FOIA requests 2020-FS-R2-06486-F, 2021-FS-R2-02802-F and 2021-FS-R2-03896 that are not subject to a FOIA exemption.

77. Plaintiff has been required to expend costs and obtain the services of attorneys to initiate legal action.

## FIRST CLAIM FOR RELIEF

### Violation of FOIA: Unlawfully Withholding Agency Records Responsive to FOIA Request

78. Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

79. Plaintiff properly requested records within the possession, custody, and control of Defendant.

80. Defendant USFS is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore must make reasonable efforts to search for requested records upon a written request. 5 U.S.C. § 552(f)(1).

81. Defendant violated FOIA and unlawfully withheld agency records by failing to produce the requested records and by failing to resolve the Second Appeal, which was filed on June 23, 2021, within the statutory period. 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(A)(ii).

82. Defendant has not communicated to Plaintiff the scope of the documents they intend to produce and withhold in response to the FOIA Request or their reasons for withholding any documents and has not disclosed to Plaintiff all records responsive to the FOIA Request.

83. Defendant continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, responsive agency records have been withheld due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

84. Defendant violated FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendant has not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b). FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records.

85. Plaintiff has a statutory right to the records it seeks, and there is no legal basis for Defendant to assert that FOIA Exemptions 5 and 6 apply to the withheld records. See 5 U.S.C. § 552(b).

86. Plaintiff seeks remedy for its statutory right to promptly access all agency records provided to non-agency third parties, particularly those provided to Western Land Group, Inc. on October 26, 2020. That right was violated by agency policies and practices designed to avoid FOIA disclosure of controversial land exchange information.

87. Defendant continues to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

88.     Defendant continues to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. § 552(a)(8)(A), (b).

89.     Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

90.     At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1.      Enter Findings and Declare that Defendants violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Request;

2.      Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for resolving Plaintiff's FOIA Request;

3.      Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for resolving Plaintiff's FOIA Appeals;

4.      Direct by injunction that Defendant provide Plaintiff with a lawful determination on its FOIA Request by a date certain;

5.      Direct by order that Defendant conduct a lawful search for responsive records;

6.      Direct by order the Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

7. Direct by injunction that Defendants promptly provide all agency records responsive to Plaintiff's FOIA Request, and related written requests, that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

8. Direct by order that Defendants provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

9. Direct by order that Defendants provide Plaintiff with all responsive agency records in the form and format specific in the request, by a date certain within twenty working days of any such order;

10. Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

11. Enter a finding that Defendants' conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

12. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED October 21, 2021.

*/s/Maya Kane*
Maya Kane, D. D.C. Bar # CO00089
Southwest Water and Property Law LLC
10 Town Plaza, No. 422
Durango, CO 81301
(970) 946-5419
mkane@swpropertylaw.com

*/s/Travis Stills*
Travis Stills, D. D.C. Bar # CO0101
Energy & Conservation Law
227 E. 14th St. #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

*Attorneys for Plaintiff*