UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD PUBLIC LANDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 21-2802 (CRC)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF MARGARET SCOFIELD**

I, Margaret Scofield, make the following declaration in lieu of an affidavit as permitted by Section 1746 of Title 28 of the United States Code. I make this declaration based upon the knowledge that I have acquired through the performance of my official duties. I am aware that this declaration will be filed with the United States District Court for the District of Columbia, and that it is the legal equivalent of a statement under oath.

1.      I am the Assistant Director, Freedom of Information Act ("FOIA"), within the United States Department of Agriculture's Forest Service, and am stationed in Washington, DC. I began acting on detail in this position in July 2019 and was hired into the position in July 2020. Prior to this position, I was a Government Information Specialist with the Forest Service.

2.      As Assistant Director, my duties include, among other things, managing and administering the Forest Service's Washington Office FOIA Service Center. As Assistant Director, I am also responsible for managing and overseeing the identification, collection and redaction of records responsive to requests and Appeals made to the Forest Service and assigned to the Washington Office FOIA team.

3.      I make the statements herein based on my own personal knowledge, my review of the responsive agency records subject to the FOIA requests at issue in this case, and my discussions

with Forest Service colleagues who are likewise familiar with the FOIA requests and agency records at issue in this case.

### Colorado Wild's September 10, 2020, Email

4.      On September 10, 2020, Colorado Wild Public Lands emailed Rebecca Smith, a Lands and Minerals Specialist for the Pagosa Ranger District of the San Juan National Forest, requesting (1) that certain information regarding a proposed land exchange in the Valle Seco be posted on the project website, and/or (2) contact information to file a FOIA request for such information. On September 14, 2020, District Ranger Kevin Khung responded by letter, indicating which of the records Colorado Wild had referenced were available on the project website or other websites; which records would not be posted online; and which records were not in the San Juan National Forest's possession. He also provided contact information for Elizabeth Fox, the San Juan National Forest FOIA Coordinator, so that Colorado Wild could file any FOIA requests. No FOIA tracking number was assigned to Colorado Wild's September 10, 2021, email; the San Juan National Forest determined that the email was not a FOIA request given that it did not request the production of records, it was not designated as a FOIA request, and it expressly inquired only about the process for submitting a separate FOIA request.

### Colorado Wild's First FOIA Request

5.      On September 15, 2020, Colorado Wild submitted to Ms. Fox a FOIA request for nine categories of information relating to the proposed Valle Seco land exchange. In a letter dated September 23, 2020, the San Juan National Forest Office confirmed receipt of this FOIA request and assigned it a tracking number of 2020-FS-R2-06486-F. On October 7, 2020, the San Juan National Forest produced 43 pages in full and referred 126 pages to the Rocky Mountain Region FOIA Service Center for processing. On October 27, 2020, the Rocky Mountain Region FOIA Service Center issued a final response, producing a total of 250 pages, 123 of which were released in full and 127 of which were withheld in part. It also provided instructions for filing a

FOIA appeal, including an explanation that Colorado Wild would need to file any such appeal within 90 days. On January 26, 2021, the period for filing an administrative appeal of FOIA Request 2020-FS-R2-06486 ended without Colorado Wild filing any such appeal.

### Colorado Wild's Second FOIA Request

6.      On March 5, 2021, Colorado Wild sent an email to Ms. Smith requesting a copy of the Technical Appraisal Review Reports prepared in connection with the proposed land exchange. The San Juan National Forest construed this email as a second FOIA request and assigned it a tracking number of 2021-FS-R2-02802-F. That same day, Ms. Smith performed a search for the Technical Appraisal Review Reports in her files, which she normally kept in the course of her work. She located the Technical Appraisal Review Reports and forwarded those records on to Ms. Fox for review and processing. On April 2, 2021, the Forest Service produced the Technical Appraisal Review Reports to Colorado Wild, with two (2) pages released in full, two (2) pages withheld in part, and 54 pages withheld in full pursuant to Exemption 5.

7.      Colorado Wild filed an appeal as to FOIA Request 2021-FS-R2-02802-F on May 14, 2021, challenging the redactions made and requesting the Appraisals prepared in connection with the proposed land exchange, which are separate documents from the Technical Appraisal Review Reports themselves. The Forest Service's Washington Office FOIA Service Center assigned this appeal a tracking number of 2021-FS-WO-00100-A; determined that the Appraisals did not fall within the original FOIA request's scope; and produced an initial response to the appeal on October 19, 2021. That response consisted of 58 pages, 24 of which were released in full and 34 of which were withheld in part under Exemptions 5 and 6. The Washington Office FOIA Service Center came to learn that some of the withheld records previously had been shared with parties outside the Forest Service, and on December 22, 2021, it issued an updated production with all deliberative process redactions removed. This updated production consisted of 58 pages, 54 of which were produced in full, and four (4) of which were withheld in part under Exemption 6. On

February 8, 2022, the Forest Service issued a second updated production releasing information previously withheld under Exemption 6. This second updated production consisted of 58 pages, 56 of which were produced in full, and two (2) of which were withheld in part under Exemption 6.

### Colorado Wild's Third FOIA Request

8.      Colorado Wild submitted a third FOIA request on May 14, 2021, requesting the Appraisals prepared in connection with the proposed Valle Seco land exchange. This request was assigned a FOIA tracking number, 2021-FS-R2-03896-F. On May 20, 2021, Charles Brown, Regional Appraiser for the Rocky Mountain Regional Office, conducted a search of the files contained in Rocky Mountain Regional Pinyon/Box system—the official electronic records repository for all land Appraisals in the Region—using the search term "SJNF Valle Seco 2019 Land Exchange Appraisal." The Rocky Mountain Regional FOIA Service Center responded to this FOIA request in a letter dated June 23, 2021, stating that it had located 1,028 pages of responsive records that it would withhold in full under Exemptions 5 and/or 6.

9.      Colorado Wild filed an appeal as to FOIA Request 2021-FS-R2-03896-F, challenging these redactions the next day. The Washington Office FOIA Service Center assigned this appeal a tracking number, 2021-FS-WO-00112-A. The Forest Service issued a production on December 22, 2021, consisting of 1,028 pages, 952 of which were produced in full and 76 of which were withheld in part under Exemptions 5 and/or 6. Of these 76 pages, the Forest Service withheld portions of 22 pages of the draft Appraisals under Exemption 5 and/or 6, and 54 pages of both the draft and final Appraisals under Exemption 6. On February 8, 2022, upon further review, the Washington Office FOIA Service Center released additional information that previously withheld under Exemptions 5 and/or 6. This updated production consisted of 1,028 pages, 978 of which were produced in full, and 50 of which were withheld in part under Exemptions 5 and/or 6. In total, the Forest Service has released 1,086 pages in response to (1) FOIA Request 2021-FS-R2-02802-F / Appeal 2021-FS-WO-00100-A and (2) FOIA Request 2021-FS-R2-03896-F / Appeal 2021-FS-

WO-00112-A. Of these, it produced 1,034 pages in full and 52 pages withheld in part with redactions under Exemptions 5 and/or 6.

## Application of FOIA Exemption 5

10.     The Appraiser prepared two Appraisals—one evaluating land owned by the Forest Service ("the Federal Parcels") and the other evaluating a combined set of nine (9) parcels of land owned by private individuals ("Non-Federal Parcels A"). Each Appraisal provided an estimated fair market value for the parcel(s) at issue. Information withheld under Exemption 5 based on the deliberative process privilege consists of certain predecisional, evaluative, and editorial portions of the draft versions of the Appraisals. The first item of information withheld consists of analysis of the proposed land exchange based on certain legal and factual assumptions later determined to be inapplicable to the parcels at issue. The draft Appraisals contained analysis that assumed that conveyance of certain parcels would not be subject to certain administrative requirements under Colorado law. The Forest Service subsequently determined that these requirements did apply to the parcels at issue. The draft Appraisals also calculated the usable acreage of certain parcels to the Forest Service specifically, which differed from what the usable acreage would be to another purchaser given the Forest Service's ownership of abutting parcels. The second item of information withheld consists of names of certain private citizens not involved in the exchange, which were initially included in the draft while Forest Service personnel were evaluating the proposed exchange due to a miscommunication. The third item of information withheld consists of an inaccurate figure concerning the acreage of the combined Non-Federal Parcels A.

11.     These portions of the Appraisals were prepared to be relied upon by Forest Service personnel during their evaluation of, and ongoing deliberations regarding, the proposed land exchange. They were all removed before the Appraisals were approved in their final form

and have not been shared with any persons outside the Forest Service other than the Appraiser. Releasing this information would undermine the Forest Service's ability to prepare complete, accurate, and high-quality Appraisals, which are necessary to effectuate land exchanges, by chilling the open and candid identification, discussion, and correction of factual and analytical errors in draft Appraisals. Moreover, release of factual and analytical inaccuracies in the draft Appraisals may confuse or mislead the public as to the reasons for the Forest Service's eventual decision regarding the proposed land exchange, by erroneously suggesting that the Forest Service's potential decision-making rested on these factual and analytical inaccuracies that the Forest Service in fact did not rely on.

## **Application of FOIA Exemption 6**

12.     Information that has been withheld under Exemption 6 based on personal privacy concerns consists of (1) the work cell phone number of a Forest Service employee and (2) cell phone numbers and email addresses of private citizens.

13.     The Appraisals contained the work cell phone number of a Forest Service employee. Releasing this phone number would create a risk of subjecting the employee in question to annoying, harassing, and/or threatening contact from the public. These risks are particularly acute given the ongoing and contentious nature of the deliberations surrounding the proposed land exchange, and given that Forest Service employees generally are expected to carry their work cell phone numbers on their persons outside of the office and normal work hours. Nor would disclosure of this information provide the public with any additional into the Forest Service's operations, either in general or specifically with respect to the proposed land exchange at issue in this case. Moreover, the Forest Service has released the employee's office phone number and email address, which are the proper points of contact for members of the public.

14.     The Appraisals also contained the cell phone numbers and a personal email address of private citizens who were involved in recent sales of comparable parcels of land and are not involved with the proposed land exchange. The inclusion of information about recent sales of comparable parcels of real estate is standard practice in land Appraisals to establish a fair market value for the property being appraised and is often included without notice to or the consent of the individuals involved in those sales. Such information includes the geographic and contextual information about sale of similar parcels of land such as: land abutting Forest Service-held land, the shapes of the parcel affecting suitability of use, or a sale triggered by divorce proceedings rather than market conditions.

15.     The names of the private citizens who have been publicly associated with the sales of comparable properties have been released in full. Releasing their contact information would create a risk of subjecting them to annoying, harassing, or threatening contacts from the public, without providing any additional insight or information about the proposed land exchange. In addition, releasing this information would create a risk of subjecting these individuals to unwanted contact from realtors, marketers, and other solicitors based on these individuals' recent real estate transactions.

16.     The Forest Service did not consider or rely on the private citizens' cell phone numbers or email address in any way during evaluation of and deliberations regarding the proposed land exchange.

17.     Because certain phone numbers and email addresses belonging to private citizens were included in multiple places throughout the responsive documents, several of the redactions made under Exemption 6 cover the same pieces of contact information.

**<u>Segregability</u>**

7

18.     The Forest Service has carefully reviewed each responsive record on a page by page and line by line basis to identify reasonably segregable, non-exempt information.

19.     All the information withheld by the Forest Service was exempt from disclosure under Exemptions 5 and/or 6. The Forest Service determined that no further segregation of responsive information in the page or portions of pages withheld is possible without disclosing information that warrants protection under Exemptions 5 and/or 6.

20.     All of the information not exempted from disclosure under Exemptions 5 and/or 6 was properly segregated and has been released.

21.     The Forest Service has released all non-exempt records responsive to Colorado Wild's FOIA request in accordance with the requirements of the FOIA.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of February 2022.

MARGARET SCOFIELD Digitally signed by MARGARET SCOFIELD
Date: 2022.02.11 13:47:11 -05'00'

Margaret Scofield
Assistant Director, FOIA
Forest Service