UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD PUBLIC LANDS,<br><br>Plaintiff,<br><br>v.<br><br>FOREST SERVICE,<br><br>Defendant. | Civil Action No. 21-2802 (CRC) |

### REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Forest Service, by and through the undersigned counsel, respectfully replies in support of its motion to dismiss, ECF No. 38, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] As explained further below, Plaintiff's remaining claims are all moot.

### ARGUMENT

On September 11, 2023, this Court denied the Forest Service's summary judgment motion, ECF No. 26, as to all records withheld under Exemption 5 and realtor contact information withheld under Exemption 6. Mem. & Order at 1-2, 24. ECF No. 36. This Court granted the Forest Service summary judgment as to all other records withheld under Exemption 6. *Id.* The Court also granted Plaintiff's cross-motion for summary judgment—which covered only its policy-or-practice claim, without addressing its claims as to the withheld records, *see* ECF No. 30—and "invite[d] [Plaintiff] to file a motion for summary judgment on these remaining redactions," Mem. & Order at 24. The Court entered a declaratory judgment on Plaintiff's policy-or-practice claim, but denied its request

---

[1] Plaintiff notes that the Forest Service did not confer with it prior to moving to dismiss, yet the duty to confer applies only to non-dispositive motions. *See* LCvR 7(m). That, presumably, is why Plaintiff likewise did not confer with the Forest Service prior to seeking summary judgment.

to refer the case to the Office of Special Counsel pursuant to 5 U.S.C. § 552(a)(4)(F). *Id.* at 33. On September 25, 2023, the Forest Service produced all previously redacted materials as to which this Court had denied Defendant summary judgment, *see* ECF Nos. 38, 38-1, 38-2, rendering moot Plaintiff's claims as to these materials. *See Crooker v. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the substance of the controversy disappears and becomes moot").

One might expect this to mark an end to this litigation on the merits. Regrettably, Plaintiff nonetheless insists on attempting to keep this litigation going. But there is nothing left to dispute. All of Plaintiff's claims are resolved, through either this Court's summary judgment rulings or the Forest Service's subsequent production of records. Plaintiff's insistence on continuing to drag this case out longer, even after obtaining all of the relief to which it is entitled, only imposes needless burdens on limited judicial resources, which more productively are directed toward live disputes.

Plaintiff offers three arguments in an effort to resist this conclusion, but none has merit. First, Plaintiff argues that the Forest Service has not shown that it has now released all the materials as to which this Court denied the Forest Service's motion for summary judgment. Second, Plaintiff insists that it raises additional, heretofore-unmentioned policy-or-practice claims that this Court has not yet addressed. And third, Plaintiff urges this Court to grant it summary judgment even if this case is moot. Each of these arguments fails.

I. **The Forest Service Has Met its Burden to Show that it Has Now Produced All Records as to Which this Court Denied its Motion for Summary Judgment**

The Forest Service has met its burden to show that it has now released all the materials as to which this Court denied its motion for summary judgment. The Forest Service has filed not only a declaration attesting to this fact by the agency employee who made the production to Plaintiff, Darr Decl. ¶ 2, ECF No. 38-1, but also the email by which she made the production, ECF No. 38-1, and even the very records themselves, via a link to a public folder containing them for this Court

to see for itself. *See* Mot. at 2.[2] It is difficult to imagine how the Forest Service more clearly could show that it has released the materials at issue than by posting them online for all the world to see.

Tellingly, Plaintiff does not actually dispute that the Forest Service has released all of the materials at issue. Nor does it offer any reason to doubt that the Forest Service has done so. Plaintiff does not, for example, identify any information as to which this Court denied the Forest Service's motion for summary judgment that the Forest Service continues to withhold (as no such material exists). Plaintiff's argument that the Forest Service has not met its burden to demonstrate mootness is wholly conclusory. Plaintiff's reliance on an excerpt from *Judicial Watch, Inc. v. Department of Homeland Security*, 895 F.3d 770, 783 (D.C. Cir. 2018), *see* Pl.'s Resp. at 4, meanwhile, is misleading. The quoted language concerns a policy-or-practice claim, and thus has no bearing on whether Plaintiff's claims with respect to the previously-withheld records in this case are moot.

Plaintiff's argument that it somehow was improper to produce the materials at issue "via the administrative appeals process instead of through litigation," Pl.'s Resp. at 7, is confusing, and in any event, meritless. There is no rule that, when a court denies an agency's motion for summary judgment, the agency must produce the materials at issue specifically to the requester's litigation counsel, rather than, as here, the person who handled its administrative appeal. Producing records in this way makes sense. When an agency makes a determination with respect to an administrative appeal, that appeal determination is the final agency action that occurs before the requester files suit, so it is only natural for agency-level proceedings to resume, after the court rules, where they left off—at the administrative appeal stage. The Forest Service appropriately produced the records

---

[2]     Plaintiff's query as to why the Forest Service filed a declaration by Darr, rather than by a different official, Pl.'s Resp. at 5, answers itself—Darr is the employee who personally produced the materials at issue to Plaintiff by emailing them to Plaintiff, and thus is best positioned to attest to that fact. Darr Decl. ¶ 2. Had the Forest Service filed a declaration by another employee, Plaintiff likely would complain that it did not file a declaration by the person who produced the records.

3

at issue to Plaintiff, through the person whom it chose to represent it before the agency. Litigation counsel has no rights or interest in these materials separate and apart from Plaintiff's. In any event, the Forest Service has now sent the materials at issue to Plaintiff's litigation counsel. Ex. A, Email.

Plaintiff's remaining arguments on this point are meritless. Plaintiff stresses that the Forest Service has not filed a new *Vaughn* Index, but there is no requirement to file a *Vaughn* Index. *See DiBacco v. Army*, 795 F.3d 178, 186 n.2 (D.C. Cir. 2015) ("Although agencies frequently rely on *Vaughn* indices, the materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim" (cleaned up)); *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) ("common sense suggests that an index was unnecessary for the [ ] pages that were so specifically described and justified here"); *Schotz v. Samuels*, 72 F. Supp. 3d 81, 91 (D.D.C. 2014) (a *Vaughn* Index is merely a "suggested mechanism to assure 'adequate adversary testing' of the government's claimed exemptions and to assist the court in assessing the government's position during litigation" (citation omitted)). Nor would one be particularly helpful here, given the Forest Service's explanation that the only redactions remaining are for the materials withheld under Exemption 6, other than realtor contact information. To produce a *Vaughn* Index thus would be an unnecessary exercise, as the case's merits already have been decided or mooted.

That the Forest Service did not file with the Court the "updated reissuance letter for the FOIA appeal at issue in this case," Darr Decl. ¶ 2, is similarly irrelevant, as there is no requirement to do so. But for good measure, the Forest Service attaches it here. *See* Ex. B, Updated Reissuance Ltr. And Plaintiff's claim that the Forest Service did not provide this letter "to Plaintiff directly," Pl.'s Resp. at 4, is simply untrue—the Forest Service emailed it directly to Plaintiff. *See* Email, ECF No. 38-1; Ex. B, Updated Reissuance Ltr. Plaintiff appears to mean that the Forest Service

4

did not send the letter to its litigation counsel, but, as explained, that is irrelevant—and regardless, the Forest Service has now sent the letter to Plaintiff's litigation counsel. Ex. A, Email.

Finally, the fact that the records produced still contain some redactions does not suggest that the Forest Service continues to withhold any materials as to which this Court denied its motion for summary judgment. That is because this Court granted Plaintiff summary judgment only as to certain redactions, while granting the Forest Service summary judgment as to other redactions—namely, redactions under Exemption 6, except for those that cover realtor contact information. *See* Mem. & Order at 21. And, as noted above, the Forest Service's declarant has attested that the only redactions remaining are those on which this Court granted it summary judgment. Darr Decl. ¶ 2. An agency declaration that is "relatively detailed and non-conclusory" is "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims" such as Plaintiff's. *Mobley v. CIA*, 806 F.3d 568, 581 (D.C. Cir. 2015) (internal quotation marks omitted).

II.     **Plaintiff Has Not Raised Additional Policy-or-Practice Claims, or in the Alternative, Has Abandoned Any Such Claims By Not Raising Them Previously**

This Court granted Plaintiff summary judgment on its policy-or-practice claim. *See* Mem. & Order at 33. In a last-ditch attempt to avoid mootness, Plaintiff now claims that it in fact raises various additional policy-or-practice claims, which it never previously asserted—including in its motion for summary judgment on its policy-or-practice claim, ECF No. 30, or even in its latest motion for summary judgment filed just last month, ECF No. 37—yet these supplemental claims ostensibly were lurking in its complaint this entire time. But "[P]laintiff cannot keep this case alive indefinitely by shifting [its] legal theories at the last minute," so this Court should summarily reject Plaintiff's contention. *Price v. Unite Here Local 25*, 883 F. Supp. 2d 146, 154 (D.D.C. 2012); *see also Sieverding v. Dep't of Just.*, 910 F. Supp. 2d 149, 158 (D.D.C. 2012), *aff'd*, No. 13-5060, 2013 WL 6801184 (D.C. Cir. Dec. 11, 2013) (plaintiff "had numerous opportunities to raise these

5

claims in prior litigation, but failed to do so"). The fact that Plaintiff never raised these so-called claims until the Forest Service raised the mootness issue—not when Plaintiff sought summary judgment on its policy-or-practice claim, or when it again moved for summary judgment just last month—underscores that Plaintiff did not plead these claims, and only now asserts that it did so as a tactic to avoid dismissal based on mootness and keep this litigation alive. This Court should not countenance this strategic attempt to manufacture new claims at this late hour.

Regardless, Plaintiff's complaint plainly does not allege a "pattern and practice of denying access to agency records until well after the administrative procedures close." Pl.'s Resp. at 6; *see also* Compl., ECF No. 1 (raising no such claim). To the extent that Plaintiff alleged anything like this, it did so only in support of the policy-or-practice claim on which this Court already granted Plaintiff summary judgment. *See* Mem. & Order at 33. Indeed, the only paragraphs in its complaint that Plaintiff cites for the idea that it raised this so-called further policy-or-practice claim relate to the policy-or-practice claim this Court already addressed. *See* Pl.'s Resp. at 6. Even construing the complaint "liberally," it did not give "sufficient notice that [Plaintiff] was challenging" the now-asserted policy, in addition to the policy this Court already addressed. Mem. & Order at 26-27.

Further, any contention that the Forest Service has a policy or practice of undue delay in producing records would be insubstantial, and thus, not within the Court's jurisdiction. *See Ord v. District of Columbia*, 587 F.3d 1136, 1145 (D.C. Cir. 2009) ("Federal courts are without power to entertain claims otherwise within their jurisdiction if the claims are so attenuated and unsubstantial as to be absolutely devoid of merit." (cleaned up)). The Forest Service produced the materials at issue exactly two weeks after this Court resolved the then-pending summary judgment motions, and only ten days after Plaintiff again moved for summary judgment. *See* ECF Nos. 36, 37, 38.

And even if there were a delay, Plaintiff pleads no facts to support a plausible inference of a policy or practice of delay, rather than a mere one-off incident, as necessary to state a substantial claim within this Court's jurisdiction. *See Lewis v. Mutond*, 62 F.4th 587, 593 (D.C. Cir. 2023) (plaintiff must plausibly allege "jurisdictional facts"); *Scudder v. CIA*, 281 F. Supp. 3d 124, 129 (D.D.C. 2017) ("policy or practice cases . . . require[ ] plaintiffs to show more than one violation of FOIA"); *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ("Plaintiff cannot state a 'policy or practice' claim based on a single incident."); *Muttitt v. Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011) ("a single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating FOIA"); *Pub. Emps. for Env't Resp. v. Dep't of Interior*, Civ. A. No. 06-0182 (CKK), 2006 WL 3422484, at *9 (D.D.C. Nov. 28, 2006) (plaintiff "points only to [the] isolated response to the FOIA request at issue in this case, which by itself is insufficient to demonstrate a policy or practice of delayed or incomplete responses to FOIA requests . . . a sole incident of delay is insufficient to convince this Court that there exists a reasonable expectation that the alleged violation will recur" (cleaned up)).

Nor does Plaintiff's complaint raise any claim regarding "production via the administrative appeals process instead of through litigation as well as the inadequate agency statements regarding the release." Pl.'s Resp. at 7; *see also* Compl. (raising no such claim). That is unsurprising, as the events giving rise to this asserted grievance, which involve the Forest Service's recent production of records in response to this Court's recent ruling, occurred long after Plaintiff filed its complaint.

Lastly, even assuming arguendo that Plaintiff pleaded additional policy-or-practice claims, it abandoned such claims by failing to raise them either time that it moved for summary judgment. *See Cullen v. Dep't of Homeland Sec.*, Civ. A. 20-0113 (TJK), 2023 WL 5607425, at *3 (D.D.C. Aug. 30, 2023) ("By so limiting the scope of his summary-judgment arguments, Plaintiff has

waived any entitlement to the Court's further review. Generally, to preserve a summary-judgment argument, a party must assert it in its opening brief." (citation omitted)); *Vantage Commodities Fin. Servs. I v. Willis Ltd.*, 531 F. Supp. 3d 153, 175 (D.D.C. 2021) ("Courts rarely allow plaintiffs to change their legal theories once briefing is underway"); *Oceana, Inc. v. Pritzker*, 24 F. Supp. 3d 49, 72 (D.D.C. 2014) ("a plaintiff's failure to raise arguments or theories in its motion for summary judgment results in waiver of those arguments"); *Armenian Assembly of Am., Inc. v. Cafesjian*, 924 F. Supp. 2d 183, 191 (D.D.C. 2013) ("The Plaintiffs forfeited this argument by failing to raise it in their initial motion."); *Escobedo v. Green*, 602 F. Supp. 2d 244, 247 n.3 (D.D.C. 2009) ("He abandoned this claim, however, by failing to raise it in his motion for summary judgment or in response to the Secretary's motion."). As such, Plaintiff's last-ditch efforts to avoid mootness fail.

**III.     This Court Must Address Mootness Before it Can Turn to Summary Judgment**

Finally, Plaintiff's suggestion, in its summary judgment papers, that this Court can grant it summary judgment "without further consideration of Defendant's unsupported [sic] motion to dismiss," Pl.'s Reply at 2, ECF No. 40, is frivolous. Mootness is a "threshold jurisdictional issue," *Southern Co. Servs., Inc. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005), so a federal court must assure itself of its continuing jurisdiction before it may take any other action in a case, including resolving a pending motion for summary judgment. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. . . . when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"). "If a case is moot, the court must dismiss it for lack of jurisdiction," without otherwise ruling on pending dispositive motions. *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017); *see also Kanghawa v. Dep't of Homeland Sec.*, Civ. A. No. 21-1386 (PLF), 2022 WL 4598627, at *3 (D.D.C. Sept. 30, 2022) ("Once a court determines that a claim is moot, it lacks jurisdiction to

entertain the claim and must dismiss it."); *In re Navy Chaplaincy*, 850 F. Supp. 2d 86, 106 (D.D.C. 2012) ("a court may not rule on the merits of a case in which the claim for relief is moot."). This Court thus should decline Plaintiff's invitation to reach "beyond the bounds of authorized judicial action," which "offends fundamental separation-of-powers principles." *Steel Co.*, 523 U.S. at 94.

## CONCLUSION

This Court should dismiss Plaintiff's remaining claims as moot.

Dated: October 13, 2023

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Bradley G. Silverman*
BRADLEY G. SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States of America*